UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JAMES LIPFORD                                    CIVIL ACTION 13-2858          d

VERSUS                                           U.S. DISTRICT JUDGE DRELL

BOEHRINGER INGELHEIM
        PHARMACEUTICALS, INC.
                                                 U.S. MAGISTRATE JUDGE  KIRK

## REPORT AND RECOMMENDATION

Before the court is plaintiffs' motion to remand, **Doc. #7.**  This is a personal injury lawsuit as a result of the injection of an allegedly defective pharmaceutical product, Pradaxa, which is used as a blood thinner. Plaintiff claims that, as a result, he suffered deep vein thrombosis[1] in his left upper extremity and continues to suffer with the arm. In his petition, plaintiff alleges that he sustained severe and permanent injuries and physical and mental pain and suffering and loss of enjoyment of life among others and incurred substantial medical expenses and sustained loss of earnings and loss of future earning capacity. The petition filed in state court on November 8, 2012 stated that the amount in dispute was less than $50,000[2].

---

[1] Deep vein thrombosis (DVT) is a blood clot that forms in a vein deep in the body. It can cause pain and inflammation and, if it breaks loose, can result in a pulmonary embolism. See Medline Plus, a service of the U. S. National Library of Medicine and the National Institutes of Health.

[2] That amount is the amount which permits a jury trial in Louisiana state courts. LSA-R.S. C.C.P. 1732.

1

Defendant did not remove the suit to this court within 30 days of receipt of the original complaint. Instead, it undertook discovery in order to determine if the amount in dispute met the jurisdictional limits of this court.  Defendant served Requests for Admission upon plaintiff asking, among other things, if plaintiff **was seeking** damages in excess of $75,000, the jurisdictional limit required in this court. Plaintiff denied the request. In other answers plaintiff stated: "Plaintiff seeks damages of $50,000 or less in this lawsuit". Another Request asked plaintiff to admit that he **will not seek** more than $75,000 in damages. Plaintiff answered that "Due to unforeseen circumstances, Plaintiff can neither admit nor deny this request. However, it is admitted that there are no present plans to amend the petition to seek more than $50,000.00 in damages, exclusive of interest and cost[s]."

Defendant then obtained medical records and answers to interrogatories. The interrogatories asked plaintiff to "specify the amount you seek as damages for each element of physical and emotional injury, economic loss, and non-economic damages alleged . . .." After objecting and referring defendant to the medical evidence, plaintiff answered that the "specific amount of damages Plaintiff will seek at trial has not yet been determined, but it will be under $75,000.00. Discovery is ongoing."

Defendant then sent plaintiff's counsel a letter enclosing a binding stipulation stating that the plaintiff agreed to not seek or accept more than $75,000, exclusive of interest and costs. No answer was received so defense counsel telephoned plaintiff's counsel. Thereafter, plaintiff's counsel confirmed by email that plaintiff was not willing to execute the stipulation prepared by defendant's attorney because of unforeseen circumstances. However, plaintiff's counsel added again that "plaintiff has no present plans to seek more than $75,000 at this time."

2

Defendant then removed the case to this court within 30 days of receipt of plaintiff's counsel's e-mail stating that the stipulation would not be executed. In the removal notice, defendant based its removal on the allegations in plaintiff's original petition, plaintiff's discovery responses, and his refusal to stipulate to the amount of damages.[3] Plaintiff timely moved to remand and argues that defendant's removal was untimely since it was not made within 30 days of receipt of the original petition and that it failed to prove that the amount in controversy requirement of $75,000 is met.

## Analysis

Specifically, plaintiff argues that if defendant is going to argue that the allegations in the complaint support its removal, then defendant should have removed the case within 30 days after it received the original petition. Since it did not, it is untimely, plaintiff suggests. It further argues that defendant has not submitted any summary judgment type evidence with which to prove the amount in dispute and that its reliance on plaintiffs refusal to sign the stipulation is misplaced, for it does not constitute "other paper" under 28 U.S.C. §1446(b).

A defendant can remove to federal court any civil action brought in state court over which the district court would also have had original jurisdiction. 28 U.S.C. § 1441(a). A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties. See 28 U.S.C. § 1332(a). The amount in controversy required by § 1332(a) is currently $75,000. Id. Any ambiguities are construed against removal and in favor of remand to state court. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th

---

[3]  The Notice of Removal is, essentially a 16 page brief which is wholly improper. 28 USC §1446(a) requires that a notice of removal contain a "short and plain statement of the grounds for removal . . .".

Cir.2000)). The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Id. (citations omitted).

Plaintiff's first argument--Timeliness of Removal

      The timing of removal of cases from state courts to federal court is set forth in 28 U.S.C. §1446(b), as amended most recently in 2011. There it is provided generally that a notice of removal shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. If the case is not removable then, it may be removed within 30 days of receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is removable.

      The 5th Circuit has most recently analyzed and interpreted the statute in Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392 (5th Cir. 2013). The Mumfrey court explained that until Bosky v. Kroger Tex., LP[4] was decided, the "bright line rule" for removal of cases was that established by the 5th Circuit's seminal case on timeliness disputes, Chapman v. Powermatic, Inc. ,969 F.2d 160 (5th Cir. 1992). It explained that the Chapman court "held that the thirty-day removal period . . . is triggered only where the initial pleading " affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Id. at 163 (emphasis added). The Chapman court specifically declined to adopt a rule which would expect defendants to "ascertain[ ] from the circumstance[s] and the initial pleading that the [plaintiff] was seeking damages in excess of the minimum jurisdictional amount." Id." The court continued: "Ultimately, Chapman lays out a 'bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading

---

    [4] 288 F.3d 208 (5th Cir. 2002).

4

a specific allegation that damages are in excess of the federal jurisdictional amount.'"

The court in Mumfrey further explained that after Chapman, in the case of Bosky, supra, a panel of the 5th Circuit, in dicta, seemingly relaxed the Chapman "bright line rule" and suggested that damage claims can, in some circumstances, provide sufficient notice that the jurisdictional threshold is met so as to trigger the 30 day period for removal. Courts, including this one, continued to consider the damages that were "facially apparent" in the complaint in determining whether a case had been removable at the time it was filed.

Mumfrey expressly rejected the dicta in Bosky that was the cause of the confusion and instead reiterated that the "bright line rule" set forth in Chapman applies–that is, that the 30 day clock for removal is not triggered unless the initial pleading "affirmatively reveals on its face" that the plaintiff's damages sought exceed the jurisdictional amount.

The Mumfrey court also made clear that, although the clock doesn't begin ticking unless the damages claimed are affirmatively set forth, a defendant is always free to remove the case within that 30 days by showing by a preponderance of the evidence that the claim is really for more than $75,000.

The court distinguished such a "timeliness dispute" from an "amount dispute" where, typically, the defendant removes the case before the amount in dispute is clearly established and plaintiff moves to remand arguing that the jurisdictional amount has not been proved. In that situation, the defendant must prove the amount in controversy by a preponderance of the evidence. Examples of "amount dispute" cases are Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000) and Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

Mumfrey, therefore, makes it perfectly clear that the "facially apparent" inquiry is applicable

5

only to "amount dispute" cases, and not to timeliness cases.

In the instant case, the petition did not "affirmatively reveal on its face" that the damages sought exceeded $75,000. Whether defendant believed they did exceed that amount–even in the face of plaintiff's statement in the petition that they were less than $50,000–is irrelevant. Defendant was not required to remove the case within 30 days of receipt of the original petition.

Plaintiff's second argument–that defendant failed to prove the jurisdictional threshold is met.

Plaintiff argues that defendants have not proven that the claim for damages meets the jurisdictional amount in controversy of over $75,000.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages.  Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995).  Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938).  Where a specific amount of damages is not set forth, the legal certainty test is not applicable.  Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893 although they are permitted to allege that the amount claimed meets or does not meet a threshold necessary for jurisdiction or jury trial.  In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy

exceeds $75,000. De Aguilar I, supra.  The defendant may make this showing in either of two ways:

(1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above

$75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but

sometimes by affidavit–that support a finding of the requisite amount."  Manguno v. Prudential

Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002), Allen, 63 F.3d  at 1335.  See Luckett

v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however,  cite to a state statute for

example, that prohibits recovery of more than the amount sought.  De Aguilar v. Boeing Co., 47 F.3d

1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal usually (see

below) must file a binding stipulation or affidavit with the petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that

support removal must be judged at the time of removal.  See Felton v. Greyhound Lines, Inc., 324

F.3d 771, 773-4 (5th Cir. 2003). Once jurisdiction is established, subsequent events that reduce the

amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction.

St. Paul Mercury, supra.

Despite the rule stated above that stipulations or affidavits must generally be filed with the

petition, such affidavits or stipulations and amendments made post-removal may be considered  if

the basis for jurisdiction is ambiguous, that is, not "facially apparent", at the time of removal.

Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores

a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988

F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra.  See also,

(De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time

of removal.  Allen, 63 F.3d  at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages but did state that the damages did not exceed $50,000.  He also provided a list of injuries and damages which defendant suggests shows, when considered with the answers to discovery and plaintiff's refusal to stipulate, that the  claim is really for more than $75,000.

I do not find that the claims made in the petition or the answers to discovery show by a preponderance of the evidence that the jurisdictional limits are met. It is not facially apparent from the petition that the claims made for severe and permanent injuries and physical and mental pain and suffering and loss of enjoyment of life among others and substantial medical expenses, loss of earnings and loss of future earning capacity more probably than not mean that the claim is for more than $75,000.  Neither do the discovery answers prove jurisdiction, for in the answers plaintiff, through counsel, is forthright in repeatedly stating that the claims are for less than $50,000 at the time of removal.  While plaintiff's counsel refused to state that he would never claim more, that is his right and is no different from every case where, if the medical or liability picture changes, the amount claimed might also change. While defendant expresses concern with whether plaintiff might be attempting to manipulate the system by claiming less than the case is really worth, there is no evidence of that and defendants have failed to show, through medical evidence or otherwise that the case is worth more.  And, in any event, in cases like this this court will remain vigilant for any evidence of chicanery and swift action will be taken to correct any resulting injustice.[5]

---

[5]  Under Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th C. 2003), exceptions may be made to the jurisdictional requirements where evidence of forum manipulation is present. Cases from the Fifth Circuit and other courts have recognized an exception to the one-year rule contained in the removal statute where the plaintiff has intentionally manipulated the proceedings in order to avoid removal. In Tedford, supra,  the Fifth Circuit found that plaintiff had clearly engaged in forum manipulation by adding a new non-diverse defendant upon learning that the defendants planned to remove to federal court, and by signing and post-dating a notice of non-

Defendant also argues, however, that plaintiff's attorney's e-mail letter refusing to stipulate to the amount in dispute constitutes an "other paper" under 28 U.S.C. §1446(b)(3). Under the statute, a case may be removed within 30 days of receipt of an amended pleading, motion, order or other paper from which it may first be ascertained that the case meets the jurisdictional threshold. The "other paper" must be unequivocally clear and certain in order to start the time for removal running. Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th C. 2002).

"Other paper" has been held to include demand letters Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759 (5th Cir. 2000) , answers to discovery, see Leboeuf v. Texaco, 9 F.Supp. 2d 661 (E.D. La. 1998), Demette v. Wal-mart Stores, Inc. 1991 WL 637107 (W.D.La.1991); Bolin v. Wal-Mart Stores, Inc. 6:93CV1562; Malveaux v. Wal-Mart Stores, Inc., et al, 6:95CV1065 (W.D.La. 1995). See also, Sigur v. Emerson Process Management, 2007 WL 1891133 (M.D.Louisiana 2007); Stewart v. Alvarez, 2002 WL 31255407 (E.D.La. 2002); Maheshwari v. University of Texas-Pan-American, 460 F.Supp. 808 (SDTexas 2006); Thompson v. Southern National Financial Corp. 2006 WL 980783 (S.D.Miss. 2006); City of Dallas v. Explorer Pipeline Co., Inc. 2003 WL 193444 (N.D.Texas 2003); Carter ex. rel. Estate of Carter, 2002 WL 31682352 (E.D.Texas 2002); Anderson v. State Farm Ins. Companies, 2007 WL 2402153 (W.D.Oklahoma 2007); Ortega v. CUNA Mutual

---

suit as to the non-diverse defendant before the one-year period expired, but not filing the notice until after the one-year period expired. Therefore, it held, equity required extending the one-year limit for removal. Thus, the Fifth Circuit found that when a plaintiff "has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in §1446(b) be extended." Id. at 428-429.  Cases interpreting Tedford have noted the "manipulative and seemingly fraudulent" maneuvers in Tedford and have required an "egregious, clear pattern of forum manipulation." See discussion by Judge Minaldi in Joiner v. McLane, 2008 WL 1733655 (WDLA 2008).

Group, 2007 WL 2137950 (W.D.Oklahoma 2007), and an appeal brief. See, as examples of "other paper" Addo v. Globe Life, 230 F.3d 759, 762 (5th Cir. 2000);   S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996).

An e-mailed letter can, therefore, constitute "other paper". However in this case it does not, for the e-mailed refusal to sign a stipulation that the case is worth less than $75,000 does not allow the reader to ascertain that the case is removable. Plaintiff has no legal obligation to sign such a stipulation[6] and, therefore, his refusal to do so cannot be considered proof by a preponderance of the evidence that the case is worth more than $75,000. That is especially true in this case where plaintiff has clearly stated that his demand is for less than $50,000 and defendant has failed to produce any evidence that is not true. While the plaintiff certainly had the option of signing a stipulation to prevent removal, his failure to do so does not suffice to meet the defendant's burden of proof. Myers v. Gregory, 7-2213, 2008 WL 239570 (W.D. La. 2008). Rather it is but one factor for the court to consider.

While plaintiff's attorney has candidly stated that it is possible that the case could be worth more later, it is the value now, at the time of removal that matters, not its possible value later. If the case later becomes worth more, defendant can remove it then.  If it is more than a year after commencement of the action, and it is shown that plaintiff manipulated the demand to avoid federal jurisdiction, or that chicanery, sophistry, trickery or outright fraud was involved then this court can take appropriate action to correct the wrong, as explained above.

The fact is that defendant has not shown, through medical records or reports or applicable

---

[6]  See Willis Communications, Inc. v. Weaver, 6-2033, 2007 WL 1460986 (W.D. La. 2007), Myers v. Gregory, 7-2213, 2008 WL 239570 (W.D. La. 2008).

case law on damages, or through settlement demands or otherwise that the claims made are really for more than $75,000. The risk that plaintiffs might someday amend their complaint does not on its own allow the defendant to meet its burden. See Myers, supra; De Aguilar, 47 F.3d at 1408, 1412.

For these reasons, IT IS RECOMMENDED that the motion to remand, doc. #7 should be GRANTED and this case be remanded to the 10th Judicial District Court, Natchitoches Parish, Louisiana

.                          **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 10th day of January, 2013.

11

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE